UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

R.J. Zayed, in his capacity as
court appointed receiver for the
Estates of Trevor G. Cook et al.,

    Plaintiff,

v.

Peregrine Financial Group, Inc.,

    Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 12-269 (MJD/FLN)

_____

    William T. Reid, IV, Rachel S. Fleishman, Gregory S. Schwegmann, and Craig A. Boneau, Reid Collins & Tsai LLP and R.J. Zayed, Tara C. Norgard and Samuel T. Lockner, Carlson Caspers Vandenburgh & Lindquist, Counsel for Plaintiff.

    Jessica L. Roe, Kutak Rock LLP, and Nicholas P. Iavarone, The Iavarone Law Firm PC and Rebecca J. Wing, Peregrine Financial Group, Inc., Counsel for Defendant.

_____

    This is an action brought by the Receiver seeking the return of funds under the Minnesota Uniform Fraudulent Transfer Act ("MUFTA"), Minn. Stat. § 513.44. The Receiver alleges that millions of dollars from Receivership Entities were transferred to accounts at Defendant Peregrine Financial Group, Inc. ("PFG") with the intent to hinder, delay or defraud creditors of the Receivership

1

Entities.

Currently before the Court is PFG's motion to transfer venue to the Northern District of Illinois.

**Factual Background**

Plaintiff R.J. Zayed is the court-appointed receiver for the estates of Trevor Cook, Patrick Kiley, Jason Beckman, and the various entities owned or controlled by them, referred to as the Receivership Entities. PFG is a futures commission merchant ("FCM") that solicits and/or handles orders for the purchase or sale of futures contracts. (Id. ¶ 5.) In 2005, Trevor Cook is alleged to have traded Receivership funds in foreign currency trading at PFG through various accounts owned or controlled by Cook totaling approximately $48 million. (Id. ¶ 8.)

The Receiver filed this action against PFG, asserting a number of claims pursuant to MUFTA. (Complaint ¶ 1.) It is the Receiver's position that transfers made through accounts owned or controlled by Cook at PFG were made with the intent to hinder, delay or defraud creditors of the Receivership Entities and that PFG did not receive such transfers in good faith.

**Motion to Transfer Venue**

PFG seeks to transfer this action to the Northern District of Illinois. PFG asserts that a Receivership Entity, UBS Diversified Growth, LLC d/b/a UBS Diversified LLC ("UBS"), entered into an independent Forex broker agreement with PFG that contains a choice of law provision providing the parties' agreement would be governed by Illinois law, as well as a forum selection clause, that provides that "all actions, disputes, claims or proceedings, . . . arising directly or indirectly in connection with, out of, or related to or from this Agreement . . . shall be adjudicated . . . within the City of Chicago, State of Illinois." (O'Meara Decl. Ex. A, ¶ 25.0 p. 14.) Additional Receivership Entities, Market Shot, LLC, Oxford FX Growth, LP, Oxford Global FX LLC, as well as Trevor G. Cook and Christopher Pettengill, each executed a customer agreement with PFG that included similar choice of law and forum selection provisions. (Id. Exs. B-J.) PFG argues that the forum selection clauses contained in the above agreements are broad and require that this action be transferred to Illinois, as the claims asserted herein arise "directly or indirectly in connection with, out of, or related to or from this Agreement . . . " (Id. Ex. A ¶ 25; Exs. B-J ¶¶ 40 or 42.)

3

A motion to transfer venue is governed by statute. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404 (a). In determining whether transfer is appropriate, the Court is not limited to the factors listed in section 1404(a). Instead, the Court can consider a number of factors, including a valid and applicable forum selection clause. Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). The determination of whether to transfer venue "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id.

A valid forum selection clause is a significant factor that should figure centrally in the district court's determination of whether transfer of venue is appropriate. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). "[F]orum selection clauses [are] enforceable unless it is invalid or enforcement would be unreasonable and unjust." Dominium Austin Partners, LLC v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001).

The Receiver asserts that the forum selection clauses contained in the PFG customer and broker agreements are not implicated in this case, because the

claims asserted herein do not arise out of those agreements.  Instead, the claims asserted in this action arise under MUFTA.  While the complaint implicitly assumes that the terms of the agreements were followed, the asserted claims do not arise out of the agreements' terms.  Instead, the broker and customer agreements are cited in the complaint only to demonstrate the various ways in which PFG's business model created incentives for PFG to ignore the obvious fraud and to demonstrate generally how PFG does business.  (See Complaint ¶¶ 119-126.)  The Receiver also argues that the forum selection and choice of law provisions do not apply to the creditors of a Ponzi scheme.

The Court agrees that the forum selection and choice of law provisions do not govern the appropriate venue for this action.  First, it is clear that the claims asserted herein do not arise from the PFG broker and customer agreements; each claim is brought pursuant to MUFTA which provides relief to creditors that suffer damages due to certain fraudulent transfers.  Minn. Stat. § 513.47(a).  See also Bartholomew v. Avalon Capital Group, Inc., 828 F. Supp.2d 1019, 1025 (D. Minn. 2009) (recognizing that MUFTA protects creditors, not transferors of debt, and that only creditors can recover thereunder).  Because this case involves a Ponzi scheme, the Receivership Entities are considered victims of the fraud and

thus creditors of the Ponzi scheme. U.S. Commodity Futures Trading Comm'n v. Cook, No. 11-1042 (SRN/FLN) Order Adopting Report and Recommendation dated June 1, 2011 at 8-9 (Doc. No. 108) (citing Scholes v. Lehmann, 56 F.3d 750 (7th Cir. 1995)). See also Bartholomew, 828 F. Supp.2d at 1026 (finding that Minnesota law supports proposition that a receiver can bring MUFTA claims on behalf of third party creditors).

In addition, this Court has authorized the Receiver to bring summary proceedings, such as this, for "purposes of recovering investor assets transferred to third parties by Cook pursuant to the Ponzi Scheme." (Civil No. 09-3332 (Doc. No. 350 at 4); Civil No. 09-3333 (Doc. No. 380 at 4).)

Because the Receiver has the authority to assert MUFTA claims on behalf of the creditors of the Ponzi scheme, and because these claims do not arise from the PFG broker and customer agreements, the forum selection clause and choice of provisions contained therein do not require transfer of this case to Illinois. See State ex. rel. Hatch v. Cross Country Bank, Inc., 703 N.W.2d 562, 569 (Minn. Ct. App. 2005) (finding that a nonparty to contract was not bound by contract's arbitration provision). See also In re AstroPower Liquidating Trust, 335 B.R. 309, 328 (Bankr. D. Del. 2005) (finding fraudulent transfer claims brought by

liquidating trust did not arise out of contract containing forum selection clause, and were brought on behalf of creditors, therefore forum selection clause did not bar fraudulent transfer claims from proceeding in bankruptcy proceeding); In re Charys Holding Co, Inc., 443 B.R. 628, 635 (Bankr. D. Del. 2010) (same).

As to the § 1404 factors - convenience of the parties and witnesses and the interest of justice - PFG asserts that all funds for these accounts were sent to PFG in Chicago, Illinois and deposited in financial institutions in Chicago. (Id. ¶¶ 13A and 13B.) PFG asserts its personnel are located in Chicago, and all transactions were approved by PFG personnel in Chicago. (Id. ¶¶ 13C-G.) PFG further asserts that the persons on whose behalf the Receiver is seeking recovery are located throughout the United States - they are not concentrated in Minnesota. Counsel for the Receiver have offices in Texas and New York. The Receiver asserts that PFG is actually incorporated in Iowa, and that many of its employees work or reside in Iowa. Further, many of the parties to the Ponzi scheme at issue are located in Minnesota, and many of the relevant documents are located in Minnesota.

The Court finds that the convenience of the parties and witnesses, and the interests of justice, are served by denying PFG's motion to transfer. This Court

has presided over the SEC and CFTC actions concerning this Ponzi scheme, as well as a number of related actions, since mid 2009.  This Court also presided over the criminal trial of three defendants that were convicted of multiple counts of fraud concerning this Ponzi scheme.  The Receiver is also involved of a number of similar summary proceedings in this District.  Accordingly, maintaining this action in this District serves the interest of justice and judicial economy.

IT IS HEREBY ORDERED that Defendant's Motion to Transfer [Doc. No. 8] is DENIED.

Date:   June 22, 2012

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court